UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DEBBIE McCARTY                                        CIVIL ACTION

VERSUS                                               NO. 19-800-BAJ-SDJ

DATRIL JAYVIA DUNBAR, et al.

## ORDER

The Court issues this Order **GRANTING** Plaintiff's Motion to Strike (R. Doc. 38) her Second Amended Complaint (R. Doc. 32), which will be **struck** from the record by the Clerk of Court. Although not included in Plaintiff's Motion to Strike (R. Doc. 38), the Court will additionally **strike** Plaintiff's Amended Second Amended Complaint (R. Doc. 33), *sua sponte*, for the reasons given below.

Rule 15(a)(1) allows a plaintiff to amend the complaint once, as a matter of course, "within 21 days of serving it," or within 21 days of a responsive pleading or motion under Rule 12(b), (e) or (f). When that period has ended, a party may "amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). But that ability may be further limited by the court's scheduling order if it sets a deadline for amended pleadings. In that case, any untimely attempt to amend the complaint would first require a showing of good cause to extend the deadline under Rule 16(b)(4), before consideration of the proposed amended pleading under Rule 15(a)(2). *See Breaux v. Haynes*, 2017 WL 5158697, at *1 (M.D. La. Apr. 12, 2017) ("After a scheduling order is in place, amendments to pleadings beyond the date set by the scheduling order are governed by Rule 16 . . . .").

Here, the first responsive pleading was served on December 6, 2019 (R. Doc. 9), meaning Plaintiff's ability to amend as a matter of course ended on December 27, 2019. *See Bank of Am. v. TemPay LLC*, 2019 WL 9359721, at *8 (W.D.N.Y. Nov. 7, 2019) ("21-day period runs from the first defense response"). After that, Plaintiff could only amend the Complaint with the opposing parties' consent or leave of court. Moreover, any amendment must have been made or sought by March 3, 2020 — the deadline set by the Court's Scheduling Order. (R. Doc. 12 at 1). Despite all this, Plaintiff filed a Second Amended Complaint (R. Doc. 32) on July 24, 2020. She then filed an Amended Second Amended Complaint (R. Doc. 33) on July 27, 2020.

Plaintiff filed these Amended Complaints (R. Doc. 32, 33) beyond the March 3, 2020 deadline. She did not seek leave. She did make any effort to show good cause to extend the deadline under Rule 16(b)(4), or even excusable neglect for her failure to seek an extension before the deadline had expired. Plaintiff also did not obtain the consent of any Defendant or seek leave prior to amendment, as required by Rule 15(a)(2). Beyond that, the Amended Complaints added 8 new defendants, without properly alleging their citizenship, and may seek to revive Plaintiff's claims against a previously dismissed party.

Plaintiff has since filed a Motion to Strike (R. Doc. 38). However, the Motion to Strike (R. Doc. 38) only concerns the Second Amended Complaint (R. Doc. 32). Because Plaintiff's Second Amended Complaint (R. Doc. 32) and Amended Second Amended Complaint (R. Doc. 33) were both filed without complying with Rule 16(b)(4) or Rule 15(a)(2) of the Federal Rules of Civil Procedure, and suffer from multiple other defects,

**IT IS ORDERED** that Plaintiff's Motion to Strike (R. Doc. 38) is **GRANTED** and Plaintiff's Second Amended Complaint (R. Doc. 32) will be **STRUCK** from the record by the

Clerk of Court. Additionally, Plaintiff's Amended Second Amended Complaint (R. Doc. 33) will

likewise be **STRUCK** from the record.

If Plaintiff still wishes to amend her Complaint, she is **ORDERED** to **file** a motion for

leave to amend **within 7 days**. Plaintiff is **advised,** however, that the Court will not consider any

motion for leave or amended complaint unless Plaintiff **complies** with the Federal Rules of Civil

Procedure, the Court's Local Rules, and its Administrative Procedures, as outlined below.

- Plaintiff must file a motion for leave to amend the complaint—one that complies with both **Rule 16(b)(4)** (good cause to extend deadline) and **Rule 15(a)(2)** (consent of parties or court's leave to amend) of the Federal Rules of Civil Procedure.

- Plaintiff's motion for leave must also comply with **Local Rule 7(e)** (requiring a certificate stating the position of every other party).

- Plaintiff's proposed amended complaint must be submitted as an **attachment** to her motion for leave, as required by section I(B)(6) of this Court's Administrative Procedures.

- Plaintiff's proposed amended complaint must properly set forth the **citizenship** of any newly proposed defendant. *See* 28 U.S.C. § 1447(e).

- To the extent any of those defendants would **destroy** complete **diversity**, Plaintiff's motion for leave must address the **factors** established by the Fifth Circuit in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

Signed in Baton Rouge, Louisiana, on August 3, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**