# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DEBBIE MCCARTY**                       **CIVIL ACTION**

**VERSUS**                       **NO. 19-800-BAJ-SDJ**

**DATRIL JAYVIA DUNBAR, et al.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 19, 2020.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DEBBIE MCCARTY**                                          **CIVIL ACTION**

**VERSUS**                                                  **NO. 19-800-BAJ-SDJ**

**DATRIL JAYVIA
DUNBAR, et al.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a Motion for Leave (R. Doc. 51) to intervene and interplead by Lancer Insurance Company. This lawsuit arises out of a car accident that injured Alexander Dunn and unfortunately resulted in the death of Robert McCarty. Dantril Dunbar was driving a truck owned by I'Ron Massaline (R. Doc. 9 at 2) with an attached trailer owned by Dunbar Trucking, LLC,[1] when he allegedly caused the accident (R. Doc. 46 at 2). Several months later, Debbie McCarty filed this lawsuit for the wrongful death of her husband, Robert McCarty. (R. Doc. 1-2). MVT Services, who employed Robert McCarty and owned the tractor/trailer he was driving at the time, later intervened as a Plaintiff to assert a claim for property damage. (R. Doc. 39). Around the same time, Alexander Dunn also intervened as a Plaintiff, alleging a claim for personal injuries sustained in the accident. (R. Doc. 37).

Dunbar, Massaline, and Dunbar Trucking have all been named as Defendants. Movant, Lancer Insurance Company, insures the Defendants for the accident at issue. According to Lancer,

---

[1] Dantryl Dunbar is the sole owner of Dunbar Trucking, LLC. (R. Doc. 9 at 2). The truck Mr. Dunbar was driving during the accident was owned by I'Ron Massaline and being leased to Dunbar Trucking. (R. Doc. 9 at 2).

multiple individuals and entities have asserted competing claims to its $1 million policy as a result of the accident at issue. In addition to the 3 Plaintiffs in this lawsuit—Debbie McCarty, Alexander Dunn, and MVT Services—Lancer indicates there are 3 others with competing claims—Gabriel McCarty, OEP Holdings, LLC, and United Rentals, Inc.—who are not parties to this action. (R. Doc. 51). For that reason, Lancer, who again possesses the insurance proceeds at issue in this action, asks that the Court grant it leave: "(1) to intervene into this action, (2) for Statutory Interpleader, (3) to assert Counterclaims in Interpleader against Debbie L. McCarty . . . Alexander Dunn, and MVT Services . . . (4) to file third-party demands against OEP Holdings, LLC, United Rentals, Inc., and Gabriel McCarty so that they be obligated to interplead in this matter, and (5) issue an order prohibiting any of the claimants from instituting any other legal action seeking the Lancer insurance funds"[2] (R. Doc. 51-1 at 7-8). Lancer additionally asks the Court that it be "discharged from any and all further liability to claimants concerning [the] policy." (R. Doc. 51). *See* Fed. R. Civ. P. 24 (intervention); 28 U.S.C. § 1335 (statutory interpleader); 28 U.S.C. § 2361

---

[2] Lancer's Motion contains conflicting language about the extent of its requested injunction. (R. Doc. 51 at 5); (R. Doc. 51-1 at 8). At one point, Lancer seeks an order prohibiting the claimants "from instituting any other legal action seeking the Lancer insurance funds." (R. Doc. 51-1 at 8). But elsewhere, it asks that the claimants be "enjoined from commencing any other actions in any other court against Lancer Insurance Company *or its insured* . . . ." (R. Doc. 51 at 5) (emphasis added). As the Western District recently noted:

> [T]here is a consistent line of cases addressing the appropriate breadth of injunctions in interpleader actions initiated following an incident in which multiple persons were killed or injured and an insurance company has issued a policy providing coverage but having limits likely exceeded by the value of the claims against its insureds. In such a situation . . . the injured parties are allowed to pursue their claims against any tortfeasors in whatever forum they choose . . . .

*Endurance Am. Ins. Co. v. Cheyenne Partners, LLC*, 2020 WL 6483103, at *4 & n.11 (W.D. La. Aug. 21, 2020) (collecting cases). While the extent of the injunction sought by Lancer is somewhat unclear, the Court notes the injunctive relief afforded by 28 U.S.C. § 2361 has limits. *See State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 533 (1967) ("The fact that State Farm had properly invoked the interpleader jurisdiction under § 1335 did not, however, entitle it to an order both enjoining prosecution of suits against it outside the confines of the interpleader proceeding and also extending such protection to its insured, the alleged tortfeasor.").

(allowing for potential discharge of stakeholder and injunctive relief in statutory interpleader claims). None of the parties to this action object to Lancer's filing.

As explained below, the Court **recommends** that Lancer's Motion for Leave (R. Doc. 51) be **partially granted** to the extent Lancer seeks to **intervene** and file both its **Counterclaim** (R. Doc. 51-3) and **Third-Party Demand** (R. Doc. 51-4) in **interpleader**. *See Furia v. McGrew*, 2019 WL 6321202, at *1, 3 (E.D. Cal. Nov. 26, 2019) (allowing stakeholder, who "possess[ed] disputed funds at the heart of the litigation" to intervene under Rule 24 and file crossclaims and counterclaims for interpleader); *Massengale v. Hill*, 2007 WL 9700680, at *1, 2 (N.D. Ga. Feb. 12, 2007) (granting insurer's motion for leave to intervene and file an interpleader complaint). Otherwise, the Court **recommends** that Lancer's request for **discharge** and **injunction** under 28 U.S.C. § 2361 be **denied without prejudice** to refile.

### A.     Permissive Intervention is Appropriate

Permissive intervention is appropriate under Rule 24(b) "if the movant can demonstrate that it has a claim or defense that shares with the main action a common question of law or fact and that it will not unduly delay or prejudice the adjudication of the original parties' rights." *SEC v. Stanford Intern. Bank, Ltd*., 429 F. App'x 379, 382 (5th Cir. 2011). "Intervention is intended to prevent multiple lawsuits if common questions or law or fact are involved." *Nolan v. Exxon Mobil Corp*., 2016 WL 1213231, at *5 (M.D. La. Mar. 23, 2016). "Intervention should generally be allowed where no one would be hurt and greater justice could be attained." *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005).

Here, Lancer seeks intervention in order to assert a claim for interpleader. All of the current parties consent to Lancer's proposed intervention and interpleader. Moreover, allowing the intervention and interpleader would efficiently join all the potential claimants in a single action.

Beyond that, the Court must consider whether the intervention will unduly delay the proceedings. But here, two Plaintiffs have recently intervened (R. Docs. 37, 39), and the parties have collectively filed a motion to extend the deadlines based on the addition of those new parties and the potential interpleader by Lancer (R. Doc. 53). Therefore, this intervention will not result in a prejudicial delay, where an extension of the deadlines was already warranted.[3] *See Stewart v. City of Houston*, 2009 WL 783319, at *2 (S.D. Tex. Mar. 24, 2009) ("The intervention will not unduly delay or prejudice the other parties to this case, given the adjustment to the scheduling order.").

Finally, it is "well-established . . . that a party must have independent jurisdictional grounds to intervene permissively under Rule 24(b)." *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 675 (5th Cir. 1985); *see also Parker v. Morton*, 2019 WL 1645207, at *3 (S.D. Ala. April 16, 2019) (considering whether permissive intervenor would destroy complete diversity); *Hanover Ins. Co. v. Superior Labor Servs., Inc.*, 2016 WL 1393388, at *7 (E.D. La. Apr. 8, 2016) ("State National must also establish an independent basis for jurisdiction to intervene" permissively under Rule 24(b).). Here, granting Lancer's Motion would not destroy diversity jurisdiction. The insurance proceeds at issue exceed the jurisdictional amount, and the additional parties would not destroy complete diversity. Lancer is a citizen of both Illinois and New York (R. Doc. 51), and Defendants are all citizens of Florida (R. Doc. 1 at 3). Because none of the Plaintiffs (or proposed claimants in interpleader) are citizens of Illinois, New York, or Florida, Lancer's intervention would not destroy complete diversity. (R. Doc. 1 at 3) (Debbie McCarty is a citizen of Texas); (R. Doc. 37) (Dunn is a citizen of Louisiana); (R. Doc. 39) (MVT is a citizen of New Mexico); (R. Doc. 51) (Gabriel McCarty is a citizen of Texas, OEP is a citizen of Texas and New Mexico, United Rentals is a citizen of Delaware and New Mexico).

---

[3] The Court will issue a separate Order on the pending Motion to Extend (R. Doc. 53), following the District Court's resolution of this Report and Recommendation.

For these reasons, the Court finds permissive intervention to be appropriate and the Court **recommends** that Lancer's Motion for Leave (R. Doc. 51) be **granted** to the extent it seeks **intervention** under Rule 24(b).

### B.     Interpleader is Generally Appropriate

Interpleader is a "device which allows a party in possession of money or property belonging to another to join two or more parties asserting mutually exclusive claims to the property or fund in a single suit, thereby freeing the stakeholder from multiple liability or multiple lawsuits." *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 696 F.2d 359, 363–64 (5th Cir. 1983); *see also* 28 U.S.C. § 1335 (statutory interpleader). It generally involves two steps or stages.

Relevant here, at the initial stage of interpleader, a court simply determines "whether the prerequisites to rule or statutory interpleader have been met by examining such things as the citizenship of the litigants, the merits of the asserted threat of multiple vexation, and, if interpleader is sought under the statute, the sufficiency of the stakeholder's deposit or bond." 7 Charles Alan Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure § 1714 (3d ed. updated Oct. 2020). "[T]he merits of [the] potential claims are irrelevant" initially, but will be determined in the second stage; for now, "the threat of multiple vexation by future litigation provides sufficient basis for interpleader . . . ." *Corrigan Dispatch Co.*, 696 F.2d at 364.

Here, Plaintiff in Interpleader, Lancer, provided a $1,000,000.00 "policy of liability insurance . . . to Dunbar Trucking, LLC," which covers the accident at issue in this litigation. (R. Doc. 51 at 1, 2) (Datril Dunbar and I'ron Massaline are also afforded coverage under the policy). In its Motion, Lancer identifies 6 claimants who might be entitled to the insurance proceeds available under the policy. Three of the potential claimants are currently parties—Debbie

McCarty, Alexander Dunn, and MVT Services, LLC—while the remaining three are non-parties—OEP Holdings, LLC, United Rentals, Inc., and Gabriel McCarty.[4] According to Lancer:

> The property damage claim of MVT is roughly $200,000. Debbie L. McCarty . . . along with . . . Gabriel F. McCarty, have asserted that their claims for survivor and wrongful death damages exceed the $1,000,000 policy limit. Alexander Dunn believes that his claim is worth at least $100,000, of which United Rentals seeks to recoup its lien interest. OEP Holdings, LLC's lien interest against the recovery of Debbie L. McCarty is purportedly $100,000. At this point, the total value of asserted demands, which Lancer and its insured dispute in the underlying accident litigation, exceeds the $1,000,000 policy limit of Lancer.

(R. Doc. 51-1 at 3); *see also Tittle v. Enron Corp.*, 463 F.3d 410, 424 (5th Cir. 2006) ("[F]aced with the threat of multiple vexation resulting from potential lawsuits . . . asserting claims to the policy proceeds, the Insurers availed themselves of the procedural protections of interpleader described above. In so doing, they avoided disputes . . . by tendering the entire $85 million policy limit to the district court and remaining neutral as to its allocation."); *Nat'l Specialty Ins. Co. v. Knoten*, 2010 WL 1267827, at *1 (E.D. La. Mar. 24, 2010) (insurer faced with multiple victims' claims following multi-vehicle accident caused by its insured filed complaint in interpleader; "This Court's interpleader jurisdiction is designed to address the difficulties and unfairness inherent in the potential race to judgment created when multiple claimants seek judgment against a limited fund.").

Because various individuals and entities are asserting claims over the policy's $1,000,000 limit, Lancer is faced with the threat of multiple vexation, making interpleader appropriate under

---

[4] Debbie McCarty filed this lawsuit against Defendants for the wrongful death of her husband, Robert McCarty. Gabriel McCarty is the son of Debbie and Robert McCarty. (R. Doc. 51-1). MVT Services employed Robert McCarty and owned the tractor/trailer McCarty was driving at the time of the accident. MVT intervened as a Plaintiff, asserting a claim for property damage to its tractor/trailer. (R. Doc. 39). OEP Holdings paid $100,000 to Debbie McCarty for the death of Robert McCarty under a death benefit policy and seeks reimbursement from Lancer. (R. Doc. 51-1). Alexander Dunn intervened as a Plaintiff after suit was filed, alleging a personal injury claim resulting from the accident. (R. Doc. 37). United Rentals is Alexander Dunn's employer who claims reimbursement for worker's compensation benefits paid to Dunn, as a result of the accident. (R. Doc. 51-1).

the circumstances. *See Auto Parts Mfg. Mississippi, Inc. v. King Const. of Houston, L.L.C.*, 782 F.3d 186, 194 (5th Cir. 2015) ("The first stage of interpleader only is concerned with whether multiple claims have been asserted, or may be asserted, against a disinterested stakeholder, not whether those claims have merit.").

### C. Jurisdiction is Satisfied for Statutory Interpleader

This Court's subject matter jurisdiction is based on diversity. *See* 28 U.S.C. § 1332 (diversity jurisdiction). The Court has already determined that Lancer's intervention, which seeks to add 4 new parties, including Lancer, does not impact diversity jurisdiction. As discussed below, the jurisdictional requirements for statutory interpleader are likewise satisfied.

For statutory interpleader under 28 U.S.C. § 1335, jurisdiction is satisfied "where only 'minimal' diversity exists between the claimants, the amount in controversy exceeds $500, and the amount has been deposited in the registry of the Court. *Guillot v. Protti*, 2020 WL 3559461, at *2 (M.D. La. June 30, 2020); *see also State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967) (statutory interpleader under § 1335 requires "only 'minimal diversity,' that is, diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens."). Here, all these elements have been satisfied.

First, the amount of insurance proceeds at issue ($1 million) exceeds the $500 required by 28 U.S.C. § 1335(a). Lancer has also requested an order allowing it to deposit the $1 million available under the policy into the Court's registry. *See Dearborn Nat'l Life Ins. Co. v. Jeitani*, 2016 WL 11584981, at *2 (W.D. Tex. May 12, 2016) ("[T]his Court has jurisdiction to entertain the interpleader action, because . . . Dearborn stated its desire to deposit the full amount of policy benefits . . . ."); Local Rule 67 (Deposit in Court); Fed. R. Civ. P. 67(a) ("If any part of the relief sought is a money judgment or the disposition of a sum of money . . . a party—on notice to every

other party and by leave of court—may deposit with the court all or part of the money . . . . The depositing party must deliver to the clerk a copy of the order permitting deposit."). And finally, minimal diversity exists among the various claimants.

Here, there are 6 proposed claimants in interpleader—Debbie McCarty, Gabriel McCarty, Alexander Dunn, MVT Services, OEP Holdings, and United Rentals. Because Dunn is a citizen of Louisiana and MVT Services is a citizen of New Mexico, minimal diversity exists between two or more claimants. (R. Doc. 37) (Dunn is a citizen of Louisiana); (R. Doc. 39) (MVT is a citizen of New Mexico). Therefore, the Court finds the jurisdictional requirements of statutory interpleader are generally met and jurisdiction will be perfected once the funds are deposited into the Court's registry.

For the reasons given above, the Court **recommends** that Lancer's Motion for Leave be **granted** to the extent Lancer seeks leave to file its **Counterclaim in Interpleader** (R. Doc. 51-3) and **Third-Party Demand in Interpleader** (R. Doc. 51-4). Additionally, the Court **recommends** that an **order** be issued requiring Lancer to **deposit** the insurance proceeds at issue into the Court's **registry** in accordance with Local Rule 67 and Rule 67 of the Federal Rules of Civil Procedure. *See Am. Gen. Life Ins. Co. v. Russell*, 2017 WL 8944054, at *1 (M.D. La. Nov. 3, 2017) (Statutory Interpleader "requires an actual deposit of the stakeholder's funds in the registry of the court.")

### D.     Discharge and Injunction

Lancer also requests an order discharging it from liability and enjoining the claimants from initiating any other actions against the policy funds in either state or federal court. The Court finds that both requests are premature at this time and recommends that they be denied without prejudice to refile when appropriate. First, only 3 of the 6 potential claimants are currently parties to this action. And while those 3 claimants—Debbie McCarty, Alexander Dunn and MVT Services—

have indicated that they do not oppose Lancer's Motion for Leave or the relief sought, the remaining 3—Gabriel McCarty, OEP Holdings, and United Rentals—have not had a chance to be heard. Beyond that, Lancer can only be discharged after the $1 million at issue has been deposited into the registry. *See Am. Gen. Life Ins. Co. v. Russell*, 2017 WL 8944054, at *2 (M.D. La. Nov. 3, 2017) ("Lastly, AGLIC's motion to discharge is premature. AGLIC can only be discharged, if at all, once it deposits the funds or provides a bond."); *Reese v. Sun Life Assurance Co. of Canada*, -- F. Supp. 3d. --, 2020 WL 6379303, at *3 (W.D. Tex. Aug. 31, 2020) ("If a court determines that the interpleader action has been properly brought, it may enter an order discharging a disinterested stakeholder, who has no claim itself to the disputed funds and has tendered the disputed fund into the court registry, from liability from further claims to the disputed fund and claims regarding entitlement to the disputed fund . . . ."). Because that has not yet occurred, the Court **recommends** that Lancer's request for **dismissal** be **denied without prejudice** as **premature**, allowing Lancer to refile its request after the funds have been deposited and all claimants have made an appearance. *See Am. Gen. Life Ins. Co.*, 2017 WL 8944054, at *2 ("Lastly, AGLIC's motion to discharge is premature. AGLIC can only be discharged, if at all, once it deposits the funds or provides a bond. Accordingly, AGLIC's motion will be denied without prejudice."); *Berry v. Banner Life Ins. Co*., 718 F. App'x 259, 263 (5th Cir. 2018) ("Accordingly, once Banner tendered the funds from the Policy, there was no reason to keep Banner in a dispute solely between the adverse claimants.").

"[T]he district court may also enter an order restraining the claimants from instituting any proceeding affecting the property until further order of the court." *Rhoades v. Casey*, 196 F.3d 592, 600–01 (5th Cir. 1999). Here, Lancer has requested an order enjoining any claimant from initiating any other actions against it in state or federal court concerning the insurance proceeds at issue. While 3 of the claimants are already parties and have indicated that they do not oppose the

request, 3 of the claimants however have not made appearances, and the Court is not aware of their positions on the Motion for Leave. Moreover, the insurance funds at issue have not yet been deposited in the registry. *See Shell Pipe Line Corp. v. W. Texas Mktg. Corp.*, 540 F. Supp. 1155, 1162 (S.D. Tex. 1982) ("Once the procedural prerequisites of statutory interpleader are satisfied (jurisdiction over the interpleader action and deposit of the interpleaded res or bond with the court) the issuance of an injunction under § 2361 is entirely within the discretion of the district judge."); *Nylife Ins. Co. of Arizona v. Johnson*, 2016 WL 5339674, at *4 (M.D. La. Sept. 22, 2016) ("Because all of the adverse claimants have appeared in this case, and none have opposed NY Life's motion, the Court finds that NY Life is entitled to injunctive relief.").

Therefore, the Court **recommends** that Lancer's request for **injunctive relief** is **premature** and that its Motion for Leave (R. Doc. 51) be **denied without prejudice** as to that request, allowing Lancer to refile after the funds have been deposited and all claimants have made an appearance.

Signed in Baton Rouge, Louisiana, on November 19, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**